SCHAFFER, ADMX., *v.* THE CLEVELAND CO.

*Reversals on weight of evidence — Trial court to submit case to jury, when — Procedure where evidence same on retrial.*

1. Where a case has been reversed and remanded by the court of appeals on the ground that the judgment is against the weight of the evidence, it is the duty of the trial court upon retrial to submit the case to the jury if there is a scintilla of variation in the evidence offered upon retrial in addition to that presented at the preceding trial.
2. Whether or not the reversal by the court of appeals on the ground that the evidence was insufficient would control the retrial of the case, where the evidence upon retrial is without variation: *Quere.*

(Decided June 28, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Ezra Brudno* and *Mr. H. C. Boyd,* for plaintiff in error.

*Messrs. Hoyt, Dustin, Kelley, McKeehan & Andrews,* for defendant in error.

HAMILTON, J. This action was one for the wrongful death of one Samuel Schaffer, brought by Pauline Schaffer, his widow, as administratrix of his estate, against The Cleveland Company.

The first trial of the case resulted in a verdict for plaintiff, and upon motion the trial court granted a new trial on the ground that the verdict was not sustained by sufficient evidence. A second trial was had, and the verdict was set aside by the trial court. A third trial, resulting in a verdict for plaintiff, was carried to the court of appeals by the defendant company, and was by that court reversed upon the ground that the judgment was against the weight of the evidence. The case was again tried in the common pleas and at the conclusion of plaintiff's evidence the defendant moved the court to arrest the case from the jury and enter a judgment of nonsuit, which motion the court granted. The motion was based upon the proposition that the evidence of plaintiff was substantially the same as in the former trial, which evidence the court of appeals had held to be insufficient. To reverse this judgment of nonsuit the plaintiff in error prosecutes error to this court.

The record discloses that the judgment of nonsuit was entered upon the opinion of the trial court that the judgment of reversal by the court of appeals controlled in the trial of the case, and "was the law of the case" unless the plaintiff furnished additional evidence; or, in other words, that unless evidence was furnished that had not been had in the case heard and reversed by the court of appeals the matter was *res judicata.*

It will be seen that two propositions are raised: first, plaintiff in error contends that additional evidence, and evidence which was not had in the case heard and reversed, was furnished; second, that regardless of the condition of the evidence the court had no power to arrest the case from the jury and enter judgment of nonsuit in contravention of Section 11577, General Code of Ohio, which provides:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

The record discloses that at the trial of the case resulting in the judgment which is being reviewed a part of the testimony was read from the record of the preceding trial and part was given by witnesses from the stand. It is claimed by plaintiff in error that the oral testimony was materially different and greatly strengthened the plaintiff's case. Defendant admits there was some difference in the evidence, but claims that plaintiff's evidence was substantially the same as at the preceding trial and that whatever difference there was tended to weaken the plaintiff's case.

It will be seen at once that it becomes necessary for the court to weigh the evidence in order to determine the very question presented. Under the familiar scintilla rule, if there is any evidence tending to establish the plaintiff's case, the jury must first pass upon the evidence. If this is true in the first instance, why is it not for the jury to pass

upon the credibility and weight of the oral testimony on the resubmission of the case, when different witnesses are called, or some omitted, and the evidence of witnesses, as given, is materially changed? Under the rule above stated it would seem that if the records disclose a scintilla of variation in the evidence this would require a submission to the jury, and upon an examination of the two records we find that such variation does exist.

We are therefore of the opinion that the judgment of the court of appeals was not determinative of the case, in the light of the variation in the oral testimony given. Whether or not the reversal by the court of appeals on the ground that the evidence was insufficient would control in the retrial of the case, where the evidence was without variation—query! We do not find it necessary to pass upon this question in determining the instant case.

For the error of the court in arresting the case from the jury and entering a judgment of nonsuit, the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

JONES, P. J., and GORMAN, J., concur.

Judges of the First Appellate District, sitting in the places of Judges GRANT, CARPENTER and LIEGHLEY of the Eighth Appellate District.